UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Glen K. LaConey, | C/A No. 3:11-2170-CMC-JRM |
| Plaintiff, | |
| | **REPORT AND RECOMMENDATION** |
| v. | |
| The Honorable Joseph M. Strickland, in his official capacity as Master-in-Equity for the Fifth Circuit Court of Common Pleas; the Honorable James R. Barber, III, in his official capacity as Circuit Court Judge for the Fifth Circuit Court of Common Pleas; the Honorable Alison Renee Lee, in her official capacity as Chief Administrative Judge for the Fifth Circuit Court of Common Pleas; and Xavier Troy Smith, individually, | |
| Defendants. | |

Glen K. LaConey ("Plaintiff"), proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983.[1] Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint should be dismissed for failure to state a claim on which relief may be granted and based on immunity.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). The Complaint *sub judice* has been filed pursuant

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

2

Background

Plaintiff filed this action, and a separate but factually related action, on the same day in this Court.[2] *See* Complaint, *LaConey v. Lee*, C/A No. 3:11-2171-CMC-JRM (D.S.C. Aug 17, 2011), ECF No. 1 ("*LaConey II*"). In this action, Plaintiff alleges that he is owed monies from Lori Pelzer, a defendant in *LaConey II*, and Defendant Xavier Troy Smith ("Smith"), pursuant to judgments entered in the South Carolina Court of Common Pleas.[3] Plaintiff alleges that he has attempted for several years to have supplemental proceedings in state court against Pelzer in order to obtain monies owed to Plaintiff. Plaintiff alleges that the state judgment at issue in this case expires on February 28, 2015. Plaintiff alleges that Defendants, the Honorable Joseph M. Strickland ("Defendant Strickland") and the Honorable James R. Barber, III (" Defendant Barber") entered certain wrongful orders in Plaintiff's civil cases in the state court. For example, Plaintiff alleges that in one case Defendant Strickland dismissed the matter with prejudice on January 7, 2008, without notice to Plaintiff, and that Defendant Strickland's action was without jurisdiction. Plaintiff alleges that on April 5, 2010, he filed a motion to vacate Defendant Strickland's order of dismissal with prejudice, but Plaintiff's motion has not been heard. Plaintiff alleges that on June 28, 2010, Defendant Barber erroneously filed a "Judgment," without notice, which ruled that Defendant Strickland's prior dismissal with prejudice was "the law of the case" because it had not been appealed. Plaintiff alleges that he "contests the authority and jurisdiction of either Judge Strickland

---

[2] It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[3] Plaintiff seems to refer to judgments entered in the Fifth Circuit Court of Common Pleas, which he refers to as Judgment Roll No. 258732 and Judgment Roll No. 247572.

or Judge Barber to issue any orders, judgments or decrees depriving LaConey [Plaintiff] of his rights in the case at issue."

With regard to Defendant, the Honorable Alison Renee Lee ("Defendant Lee"), Plaintiff alleges that on July 2, 2010, he mailed a letter with attachments to Defendant Lee to seek supplementary proceedings in aid of judgment. Plaintiff alleges that Defendant Lee responded to him by letter dated July 15, 2010, wherein she stated that she was reviewing the record for any appropriate action. Compl. Attach. 3. Plaintiff alleges that on June 3, 2011, he filed a motion for disqualification of Defendant Strickland and for order of reference for supplementary proceedings against Smith, but that Defendant Lee has not ruled on that motion.

Plaintiff alleges that he has no adequate remedy at law. Plaintiff alleges that he has a constitutional right under color of law to execute his judgments in the state court cases and that he is entitled to an order for supplementary proceedings. Plaintiff alleges that this Court should rule that Defendant Strickland's state court orders are void because he lacked personal and subject matter jurisdiction to issue them. Plaintiff alleges that this Court should rule that Defendant Barber's state court Judgment is void because he lacked personal and subject matter jurisdiction to enter the Judgment. Plaintiff alleges that Defendants Strickland and Barber deprived him of due process. Plaintiff alleges that Defendant Lee has a duty to appoint a special referee to conduct supplementary proceedings and that, by failing to do so, she has violated Plaintiff's constitutional rights. Plaintiff requests a declaratory judgment in this action and seeks the following declarations: Plaintiff is entitled to an order for supplementary proceedings; Defendant Strickland's state court orders were entered without jurisdiction and thus are void; Defendant Barber's state court Judgment was entered without jurisdiction and thus is void; Defendant Lee has a ministerial duty, and that she breached

4

the duty, to issue an order of reference to a special referee for supplementary proceedings; and that Plaintiff is entitled to an injunction against Defendant Lee. Plaintiff requests an injunction to command Defendant Lee, or the successor Chief Administrative Judge for the Court of Common Pleas for the Fifth Judicial Circuit for Richland County, to issue an order of reference to a special referee for supplementary proceedings in the state cases.

## Discussion

The crux of the Complaint is that allegedly Defendants Strickland and Barber deprived Plaintiff of his due process rights by entering erroneous state court orders without notice to Plaintiff. To the extent Plaintiff is attempting to overrule Defendant Strickland's orders and Defendant Barber's Judgment in this federal action, this Court does not have the power to enter an order to reverse the South Carolina state court orders and judgment entered in Plaintiff's civil actions. Where a plaintiff files an action in a United States district court to seek review and reversal of a state court judgment rendered before the district court proceedings commenced, the claim is barred by the *Rooker-Feldman* doctrine; only the United States Supreme Court may review state-court decisions. *See Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006) (explaining how the expansive interpretation of the *Rooker-Feldman* doctrine was limited by *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)); *see also Dukes v. Stone*, No. 3:08-505-PMD-JRM, 2009 WL 398079 at *4 (D.S.C. Feb. 17, 2009) (explaining that only the United States Supreme Court is empowered with appellate authority to reverse or modify a state court judgment). Here, Plaintiff is not satisfied with the litigation results in the state courts, and it appears that Plaintiff alleges that he has been injured by certain state court judgments. Thus, in this case,

Plaintiff cannot seek relief in this Court because of the *Rooker-Feldman* doctrine. *See Skinner v. Switzer*, 131 S.Ct. 1289, 1297-98 (2011).

As to Defendant Lee, Plaintiff alleges that Defendant Lee has failed to take judicial actions in Plaintiff's state court cases, which thereby prevents Plaintiff from being able to execute on his judgments against Smith and Pelzer. Plaintiff alleges that Defendant Lee, in her role as the Chief Administrative Judge for the Fifth Judicial Circuit, must enter an order to refer his cases to a special referee to conduct supplemental proceedings against Smith. It appears to this Court that most of Plaintiff's requests related to Defendant Lee are in the nature of seeking a writ of mandamus against Defendant Lee, which is a "writ issued by a superior court to compel a lower court or a governmental officer to perform mandatory or purely ministerial duties correctly." Black's Law Dictionary 980 (9th ed. 2009). This Court, however, does not have jurisdiction to order state officials to take certain actions or to review state court orders. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969); *In re Payne*, No. 08-1788, 2008 WL 5207317, at \*\*1 (4th Cir. Dec. 12, 2008). Moreover, a writ of mandamus is issued only in the rarest of circumstances, and it is a drastic remedy. *In Re: Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007); *United States v. Sosa*, 364 F.3d 507, 511 (4th Cir. 2004). Plaintiff in this case has other adequate means to correct any inappropriate actions or failure to act by Defendant Lee – appellate review in the South Carolina courts. Further, a motion for writ of mandamus filed in the South Carolina Supreme Court against a judge may be appropriate in very limited circumstances. *See City of Rock Hill v. Thompson*, 563 S.E.2d 101, 102 (S.C. 2002) (the Supreme Court could direct a judge to rule on a pending motion). Accordingly, to the extent this action seeks a writ of mandamus against Defendant Lee, it should be dismissed for failure to state a claim on which relief may be granted.

Additionally, Defendants Strickland, Barber, and Lee are subject to dismissal based on judicial immunity from suit. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and federal judges are also immune to requests for injunctive relief. *See Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 WL 3052608, at *4 (D.S.C. Sept. 23, 2009), *aff'd*, 367 Fed.Appx. 412 (4th Cir. Feb. 25, 2010); *see also Gilbert v. Ferry*, 298 F.Supp.2d 606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Defendant Lee's alleged failure to act on Plaintiff's motions is not alleged to be in the clear absence of all jurisdiction, and ruling on a motion is an act within a normal judicial function. Defendant Strickland's alleged erroneous orders were entered within Plaintiff's cases pending before Defendant Strickland and were part of his normal judicial functions. Similarly, Defendant Barber's alleged erroneous Judgment was

entered as part of his normal judicial function when he was the Chief Administrative Judge. Thus, Defendants Strickland, Barber, and Lee should be summarily dismissed based on judicial immunity.

With regard to Defendant Smith, he should be dismissed because he is not alleged to have acted under color of state law. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff does not allege many facts against Smith, an apparent private citizen, it seems that Smith is alleged to owe Plaintiff money. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Although many factors may be considered in determining whether state action is present, no single factor is determinative and the "totality of the circumstances" must be evaluated. *See Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341-43 (4th Cir.2000). In this case, the factual allegations do not tend to show that Smith's actions could be deemed state action. In other words, it may not fairly be said that Smith was a state actor. Thus, as to Smith, this case fails to state a claim on which relief may be granted under 42 U.S.C. § 1983.

<u>Recommendation</u>

It is recommended that the District Court dismiss this action *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

September 21, 2011
Columbia, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).